IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE J. GRIFFIN, JR., #04667-017                                                                PETITIONER

VERSUS                                                         CIVIL ACTION NO. 5:11-cv-154-DCB-JMR

BRUCE PEARSON, Warden FCI-Yazoo City                                                RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on October 25, 2011.  After reviewing the Petition [1] and Response [3] to the Court's Order [2] entered on October 26, 2011, the Court has come to the following conclusions.

**I. Background**

Petitioner is challenging the disciplinary hearing and subsequent finding of guilt of the incident which occurred on December 28, 2010.  Pet. [1] p. 4.  In his Response [3], Petitioner states that while he was incarcerated at F.P.C. Marion, Illinois, he received an incident report for violating Bureau of Prisons' (BOP) Rules 302 (refusing to obey an order); 312 (insolence towards staff) and 221 (being in an unauthorized area with a person of the opposite sex). After being found guilty of violating the BOPs' Rules 302, 312, and 221, he received the following punishment:

>  41 days loss good conduct time/8 months loss of visits/
>  60 days loss of telephone-email/60days loss of commissary/
>  60 days disciplinary housing/ SHU (120 total and administrative
>  transfer to greater security, which was not recommended by DHO
>  resulting in punishment in addition to DHO sanctions).

Resp. [3].  As relief, Petitioner is requesting that the incident report be expunged from his record;

that his good conduct be reinstated; and that DHO, as well as the reporting officers, be disciplined for misconduct. Pet. [1] p. 10.

## II. Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). Petitioner is incarcerated at the FCI-Yazoo City which is located in this district. Additionally, a request for habeas corpus relief is appropriate if Petitioner is claiming that his good time credits were incorrectly forfeited as a result of a disciplinary proceeding. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Thus, this request as a section 2241 habeas petition is properly before this Court.

A federal prisoner seeking relief pursuant to 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons". *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir.1993)(citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990)(citations omitted)); *see also Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir.1977) (holding that "grievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels" and "[o]nly after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted). This Court finds that attached to his Response [3-1] at p. 2 is a copy of the Regional Director's Response dated October 11, 2011. This Response by the Regional Director to Petitioner's Administrative Remedy Appeal No. 636553-R4 appealing the finding that he was guilty of Incident Report Number 2102649 for (a) Insolence Towards a Staff Member, Code 312, (b) Refusing to Obey an Order of any Staff member, Code 307, and (c) Being in an Unauthorized

Area with a Person of the Opposite Sex Without Staff Permission, Code 221 states as follows: "[u]pon review of your case, we have decided to remand the case back to the institution for a rehearing." Resp. [3-1] at p. 2. Because Petitioner's request for administrative remedies concerning the disciplinary matter which is at issue in the instant section 2241 petition has been remanded and is pending, this Court finds that he has failed to complete the administrative process available to him.  As such, this action will be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies, within the Bureau of Prisons as set forth in 28 C.F.R. §§ 542.10-542-19.[1]

**III. Conclusion**

This Court concludes that Petitioner has failed to exhaust his available administrative remedies as required by law.  As such, this petition will be dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the ___4th___ day of November, 2011.


                                    s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE

---

[1] This Court finds that Petitioner has pending in this Court a petition for habeas relief pursuant to 28 U.S.C. § 2241 concerning the same disciplinary hearing that is at issue in the instant civil action. *See Griffin v. Pearson*, No. 5:11-cv-78-DPJ-FKB (S.D. Miss. filed May 18, 2011).  It appears that Petitioner is under the impression that his previously filed section 2241 petition in *Griffin v. Pearson*, No. 5:11-cv-78-DPJ-FKB has been dismissed for failure to exhaust his administrative remedies. Resp. [3]. However, according to a review of the docket, Petitioner is mistaken and that civil action, *Griffin v. Pearson*, No. 5:11-cv-78-DPJ-FKB ,is still pending.